**LAW OFFICE OF**

# JAMES M. HADDAD

1700 BROADWAY
41ST FLOOR
NEW YORK, NEW YORK 10019-5905

(212) 246-0546
FAX (212) 937-2133

June 30, 2020

**<u>VIA ELECTRONIC FILING ONLY</u>**

Honorable Ronnie Abrams, USDJ
Thurgood Marshall United States Courthouse, Courtroom 1506
40 Foley Square
New York, NY 10007
Deputy Phone: (212) 805-0162
Chambers Phone: (212) 805-0284

    Re: *JMG Improvements, Inc. v. Arch Specialty Insurance Company; Armour Risk Management, Inc.; Be & Yo Realty, Inc.; Uprise Improvements, Inc.*
       Case No. 20-CV-2882 (RA)

Honorable Judge Ronnie Abrams:

  Undersigned counsel for the plaintiff, JMG Improvements, Inc. ("JMG" or "Plaintiff") with consent of counsel for Be & Yo Realty, Inc. ("Be & Yo"), submits this letter to the Court in accordance with the discussion held with the Court on June 22, 2020, wherein the Court directed that JMG and Be & Yo submit a letter regarding their positions with respect to the motion for realignment brought by Defendants Arch Specialty Insurance Company ("Arch") and Armour Risk Management, Inc. ("Armour").

  JMG and Be & Yo have decided not to oppose realignment, without prejudice or waiver and all rights being reserved.[1]

  While not opposing the motion, JMG objects to the fact that counsel for Arch included in its motion to realign clearly privileged and confidential material. Document 30-3 contains an email from the undersigned dated June 11, 2020, labeled: "Privileged & Confidential: partial issue settlement related." The purpose of the email was a discussion between counsel intended to foster potential settlement of one of the procedural issues in this case. Even if inadvertent, this should not have occurred. Notably, this follows an earlier incidence wherein Arch/Armour filed

---

[1] For its part, JMG will not oppose realignment because it does not have the money to engage with Arch in these non-substantive matters and seeks a prompt resolution of the merits. Notwithstanding, JMG nonetheless reserves the right to appeal any adverse final judgment on any grounds that may appear appropriate at that time.

Honorable Ronnie Abrams, USDJ
Re: JMG v Arch
June 30, 2020
Page 2 of 3

emails among counsel in its prior motion to dismiss (doc# 17-2). Subsequently, counsel for Be & Yo and I suggested to counsel for Arch/Armour that, even if not labeled as privileged, such communications normally are not filed absent consent, as a standard courtesy among counsel.

  In any event, we also point out to the Court that, even if the Court has subject matter jurisdiction, the Court has the discretion to decline jurisdiction of a declaratory judgment action, especially one such as this, which presents issues solely of New York State law, under the Declaratory Judgment Act, 28 USCS §2201(a). *See Dow Jones & Co. v Harrods Ltd*., 346 F3d 357 (2d Cir 2003); *Grand T. W. R. Co. v Consol. Rail Corp.*, 746 F2d 323, 326 (6th Cir 1984); *Massachusetts Bay Ins. Co. v Christian Funeral Directors, Inc.*, 759 F App'x 431 [6th Cir 2018).

  Further, we understood from the Court that this matter would be referred to Magistrate Judge Gabriel W. Gorenstein to discuss all of the discovery disputes that were discussed with the Court in conference on June 22, 2020 (such as whether discovery should proceed while the "motion to dismiss" only one part of the complaint is pending), and thus, that we need not address the discovery disputes in this letter.

              Respectfully,

              */s/ James M. Haddad*

              James M. Haddad

cc:  Cliff I. Bass
   Frank Valverde

court2.docx

---

In light of JMG's and Be & Yo's decision not to oppose realignment, Defendants' motion to realign, Dkt. 29, is granted. The Clerk of Court is respectfully directed to terminate that motion.

By separate order, this action is referred to Magistrate Judge Gorenstein for general pre-trial matters. The parties shall raise all discovery disputes before Judge Gorenstein.

SO ORDERED.

_____
Ronnie Abrams, U.S.D.J.
July 1, 2020